```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO

 TEODORO MIRANDA-SEVERINO,

      Petitioner,
                                    Civil No. 08-2304 (JAF)
      v.
                                      (Crim. No. 05-323)
 UNITED STATES OF AMERICA,

      Respondent.
```

**OPINION AND ORDER**

Petitioner, Teodoro Miranda-Severino, brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Respondent, the United States of America, opposes. (Docket No. 7.)

**I.**

**Factual and Procedural History**

On September 28, 2005, a federal grand jury indicted Petitioner and three other individuals on charges of aiding and abetting importation of cocaine and possession of cocaine with intent to distribute. (Case No. 05-323, Docket No. 10.) We set a trial date of November 29, 2005. (Case No. 05-323, Docket No. 28.)

On the day of trial, Petitioner learned from the government that his co-defendant had recently become a cooperating witness for the prosecution. (Case No. 05-323, Docket No. 81.) Upon receipt of that information, Petitioner entered a straight plea of guilty to the charges in the indictment. (Id.)

We held a sentencing hearing on March 1, 2006. (Case No. 05-323, Docket No. 82.) Based on the type and amount of narcotics,

Civil No. 08-2304 (JAF)                                                         -2-

Petitioner's base offense level was thirty-eight under the United States Sentencing Guidelines ("Sentencing Guidelines"). (Id.) Following the recommendations in the presentence report, Petitioner received a two-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines and a two-point upward departure for navigating the vehicle involved in the offense. (Id.)

Petitioner's counsel, Luz Ríos, stated at the sentencing hearing that she had not initially been aware that Petitioner met the requirements for a safety-valve sentence reduction but, after reviewing the presentence report, had realized Petitioner was, in fact, eligible for the reduction. (Case No. 05-323, Docket No. 82.) Ríos stated that upon discovering this, she had approached the government on the Friday before the sentencing hearing, February 24, 2006, to arrange the necessary debriefing session so that Petitioner could provide the requisite information to receive the safety-valve reduction. (Id.) The government informed her it could not conduct the debriefing on such short notice. (Id.) Ríos admitted that it was her fault that her client missed the opportunity to qualify for the safety-valve reduction. (Id.) Under the circumstances, we declined to allow Petitioner more time to qualify for the reduction. (Id.) We sentenced Petitioner to 235 months in prison and five years of supervised release, following the low end of the applicable Sentencing Guidelines range, 235 to 293 months, for a base offense level of thirty-eight. (Id.) Petitioner appealed, and on August 2, 2007, the First Circuit affirmed his sentence. United States v. Miranda-Severino, No. 06-1575 (1st Cir. Aug. 2, 2007).

Petitioner moved for § 2255 relief on November 11, 2008. (Docket No. 1.) Respondent opposed on February 5, 2009. (Docket No. 7.)

## II.

## **Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the grounds that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . 'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

### Analysis

Because Petitioner is pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts that his sentence was unconstitutional because (1) the court failed to award him an additional one-point reduction to his base offense level for timely notification of his

Civil No. 08-2304 (JAF)                                                            -4-

intention to plead guilty and (2) his trial attorney was ineffective because she failed to investigate and pursue the safety-valve reduction. (Docket No. 1.)

**A.   One-Point Reduction Pursuant to Section 3E1.1(b)**

Petitioner contends that although he pled guilty on the day of trial, he would have informed the government of his intention to plead guilty earlier had he known of the cooperating witness. (Docket No. 1.) Petitioner claims that the government's failure to disclose the witness' testimony earlier excuses his untimely notification and entitles him to an additional one-point offense level reduction for timely notification of a guilty plea. (Id.)

The Sentencing Guidelines recommend a two-point reduction of a defendant's offense level for acceptance of responsibility. U.S. Sentencing Guidelines Manual § 3E1.1(a) (2005). The guidelines recommend an additional one-point reduction for a defendant's timely notification of his or her intention to plead guilty. Id. § 3E1.1(b). Timely notification saves the government time and resources it would otherwise invest in trial preparation. United States v. Arango, 508 F.3d 34, 40 (1st Cir. 2007); United States v. Ortiz-Torres, 449 F.3d 61, 76 (1st Cir. 2006). When a defendant pleads on the eve or morning of trial, he is not entitled to the additional one-point reduction. Arango, 508 F.3d at 40.

Contrary to Petitioner's argument, the government was not required to disclose the cooperating witness' testimony prior to the commencement of trial. See 18 U.S.C. § 3500(a); Fed. R. Crim. P. 16(a)(2). The record indicates that the government had only recently obtained the cooperation of Petitioner's co-defendant, as he

did not plead guilty until November 28, 2005, the day before Petitioner received notice that he would testify. (See Case No. 05-323, Docket No. 25.) Petitioner was fully capable of accepting responsibility earlier; instead, Petitioner waited until the day of trial to plead guilty and, as a result, cost the government the expense of trial preparation. (See Case No. 05-323, Docket No. 81.) Petitioner was, therefore, not entitled to the additional one-point reduction. See Arango, 508 F.3d at 40. Accordingly, we deny Petitioner's § 2255 motion insofar as he asks us to award an additional one-point reduction for timely acceptance of responsibility.

**B.   Ineffective Assistance of Counsel**

Petitioner asserts his trial attorney was ineffective because she failed to investigate his eligibility for and timely pursue the safety valve. (Docket No. 1.) The safety-valve provisions allow a court to sentence certain defendants under the guidelines "without regard to any statutory minimum sentence" and provide an additional two-point offense level reduction if certain requirements are met. 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(7), 5C1.2 (2005).

To establish ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 686-96 (1984). To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S.

Civil No. 08-2304 (JAF)                                                -6-

at 687-91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

An attorney has a duty to conduct a reasonable investigation in order to advise and represent his client. See Strickland, 466 U.S. at 691. This includes investigation in preparation for sentencing. See Wiggins v. Smith, 539 U.S. 510, 522-23 (2003). Courts have held that "[f]ailure to investigate and pursue the safety valve [falls] below the objective standard of reasonableness" required of an attorney. United States v. Boothroyd, 403 F. Supp. 2d 1011, 1016 (D. Or. 2005).

To show prejudice, a petitioner must show that he would have satisfied the requirements for the safety valve at the time of sentencing, and that this would have qualified him for a lower sentence. See, e.g., Emezuo v. United States, 357 F.3d 703, 708 (7th Cir. 2004); see also Glover v. United States, 531 U.S. 198, 203 (2001) (holding that any increase in jail time resulting from deficient performance of counsel can constitute prejudice). The safety-valve provision has five requirements: (1) the defendant must not have more than one criminal history point; (2) the defendant must not have used violence or credible threats during the offense; (3) the offense must not have resulted in death or serious bodily injury to any person; (4) the defendant must not have been an organizer, leader, manager or supervisor of others in the offense, and (5) no later than the time of the sentencing hearing, the defendant must have truthfully provided the government all information he had concerning the offense. See U.S. Sentencing

Civil No. 08-2304 (JAF)                                                -7-

Guidelines Manual § 5C1.2. In order to satisfy the fifth prong, a defendant must provide all the information he possesses that clarifies or supports the government's facts regarding the offense. See United States v. Montañez, 82 F.3d 520, 523 (1st Cir. 1996). In order to show prejudice, therefore, a § 2255 petitioner has the burden to prove that he would have provided such information. See, e.g., Emezuo, 357 F.3d at 708; see also United States v. Miranda-Santiago, 96 F.3d 517, 529 & n.25 (1st Cir. 1996) (explaining that when a defendant has credibly provided information, the government must come forward with a sound reason to defeat defendant's claim).

Petitioner has shown that Ríos' performance fell below the objective standard of reasonableness because she failed to investigate whether her client was eligible for the safety-valve reduction. (Case No. 05-323, Docket No. 82.); cf. Boothroyd, 403 F.Supp.2d at 1016. Ríos admitted that she failed to pursue the safety-valve reduction because she mistakenly believed Petitioner was a leader in the offense, disqualifying him from the reduction. (Id.) She further admitted that she was under this impression because she had failed to read the presentence investigation report earlier. (Id.) As a result, Petitioner did not have the opportunity to qualify for the two-point safety-valve reduction. (Id.)

If Petitioner had shown his eligibility for the safety valve at the time of sentencing, his sentencing range would be 188 to 235 months instead of 235 to 293 months, and he would have received a reduced sentence.[1] See U.S. Sentencing Guidelines Manual Ch. 5, Pt. A

---

[1] At sentencing, we stated that we would "only [sentence Petitioner] to the lower end of the guidelines." (Case No. 05-0323, Docket No. 82.)

Civil No. 08-2304 (JAF)                                                                                    -8-

(2005). Therefore, if Plaintiff was, in fact, eligible for the safety valve, he has suffered prejudice as a result of his trial counsel's error. The record shows Petitioner satisfied the first four prongs of the safety valve requirement. (Case No. 05-323, Docket No. 40.) In order to determine whether Petitioner suffered prejudice, however, we must first determine whether he would have truthfully provided the government with all the information he possessed regarding the offense, to satisfy the fifth prong of the safety-valve provision. An evidentiary hearing is, therefore, necessary on this issue.

## IV.

### Conclusion

For the foregoing reasons, we **DENY IN PART** Petitioner's § 2255 motion on the issue of timely acceptance of responsibility, and **ORDER** an evidentiary hearing to determine whether Petitioner would have provided truthful and complete information to the government to satisfy the safety-valve provision.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of June, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge